

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES L. CHASE, | ) | |
|       Plaintiff, | ) ) ) | |
| vs. | ) ) | 3:10-cv-00365-RCJ-RAM |
| UNITED RESIDENTIAL MORTGAGE, LLC et al., | ) ) ) | ORDER |
|       Defendants. | ) ) | |

This is a standard foreclosure case involving one property. The Complaint is a fifty-eight-page fraud-and-conspiracy-type complaint listing eleven causes of action. The case is not part of MDL Case No. 2119. Three motions are pending before the Court: a motion to remand, a motion to dismiss, and a motion to amend.

I.  THE PROPERTY

James L. Chase gave two mortgages on his home at 3880 Antelope Valley Road, Reno, NV 89506 (the "Property") to lender United Residential Mortgage, LLC ("United"): one for $524,000 (mortgage), and one for $65,500 (Home Equity Line of Credit ("HELOC")). (*See* Mortgage Note, Sept. 16, 2005, ECF No. 11, at 7; HELOC Note 10, Sept. 16, 2005, ECF No. 11, at 12). Stewart Title was the trustee on the HELOC Deed of Trust ("DOT"). (DOT 1, Sept. 16,

2005, ECF No. 11, at 25).[1] No Notice of Default ("NOD") is attached, but Plaintiff alleges an NOD was filed by First American Title on behalf of Recontrust Co. This indicates a statutory defect in foreclosure. *See* Nev. Rev. Stat. § 107.080(2)(c).

## II. ANALYSIS

### A. Motion to Remand and to Amend

#### 1. Federal Question Jurisdiction

The Court denies the motion to remand, as there is both federal question and diversity jurisdiction. Plaintiff has pled no federal causes of action directly, but Defendants argue some of the claims Plaintiff has pled require the substantial interpretation of federal law to resolve. In response to this argument, Plaintiff has filed a motion to amend the Complaint to remove any such claims, as well as to further specify the alleged conduct of certain Defendants. Plaintiff adds claims in the proposed first amended complaint for unfair debt collection practices under section 649.370 of the Nevada Revised Statutes ("NRS") and for unfair and deceptive trade practices under section 598.0923, the former of which in fact supports federal question jurisdiction even if no claim in the original Complaint did.

Section 649.370 creates no private cause of action,[2] so the claim that refers to FDCPA necessarily relies directly on the federal cause of action. Even if the Court found an implied state cause of action, it would necessarily require substantial interpretation of federal law,

---

[1] Only the deed of trust for the HELOC loan is produced in the record, not the deed of trust for the mortgage loan. The HELOC DOT, however, refers to the first DOT and notes that the HELOC DOT is subordinate to it. (*See* DOT 3). It also indicates that the first DOT was given for the benefit of Countrywide, which is odd, because the payee of the mortgage note that the first DOT presumably secures is United, not Countrywide. (*See id.*; Mortgage Note 1). It is also odd that the HELOC DOT bears a date of September 16, 2005 but claims to be subordinate to a mortgage DOT allegedly dated September 21, 2005. *See id.*

[2] Neither "damages," "cause of action," nor "attorney's fees" appear anywhere in Chapter 649. The Chapter provides only for criminal penalties or administrative fines. *See* Nev. Rev. Stat. §§ 649.435, 649.440.

because a violation of the state statute is defined purely by reference to FDCPA. *See Mesi v. Wash. Mut. F.A.*, No. 3:09-CV-582 JCM (VPC), 2010 WL 3025209, at *2 (D. Nev. July 30, 2010) (Mahan, J.). *Contra Atkinson v. Homecomings Fin., LLC*, No. 3:10-cv-00418-LRH-VPC, 2010 WL 3271741, at *2 (D. Nev. Aug. 16, 2010) (Hicks, J.) ("[C]ontrary to Defendants' position, the act defines a state claim that is separate from its federal counterpart. Although a federal regulation is expressly noted in the Nevada statute, the reference to the federal act only provides a framework for determining the type of claim that can be brought under the state statute."). The Court respectfully believes that the *Mesi* case is better reasoned. Although an appropriately drafted state statute could incorporate federal standards in such a way that a violation of federal standards would be sufficient, but not necessary, to constitute a violation of the state statute, in the present case the Nevada Legislature has made the reach of section 649.370 coextensive with FDCPA and its attendant regulations. *See* Nev. Rev. Stat. § 649.370 ("A violation of any provision of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1682 *et seq.*, or any regulation adopted pursuant thereto, shall be deemed to be a violation of this chapter."). The *Atkinson* court reasoned that because the Nevada Supreme Court had resolved other sections of Chapter 649 without reference to federal law, a section 649.370 claim could be resolved without the substantial interpretation of federal law. *See Atkinson*, 2010 WL 3271741, at *2 (citing *State v. Hartford Accident & Indem. Co.*, 477 P.2d 592 (Nev. 1970)). But *Hartford* did not involve the resolution of any section of Chapter 649 that made reference to federal law, much less section 649.370, which was enacted thirty-seven years after *Hartford* was decided. *See* 2007 Nev. Stat. 2500; *Hartford*, 477 P.2d at 593 (interpreting former section 649.080, which did not rely on any federal law). The fact that some sections of Chapter 649 can be applied without interpreting federal law tells us nothing about whether any other particular section therein can be. Plaintiff has not pled any violation of Chapter 649 except section 649.370, which is by its text coextensive with FDCPA. Therefore, any claim under section 649.370 necessarily requires

the substantial interpretation of federal law, and there would be federal-question jurisdiction even if a private cause of action lied under Chapter 649 such that Plaintiff did not need to rely on FDCPA directly.

Federal-question jurisdiction can be based purely on a state claim if its resolution necessarily requires the construction of federal law:

> The rule is well settled that a state claim "arises under" federal law "if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question." *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n*, 656 F.2d 1364, 1365–66 (9th Cir. 1981), *cert. denied*, 455 U.S. 1020, 102 S. Ct. 1716, 72 L. Ed. 2d 138 (1982). The "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action[,]" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986), but a case may also arise under federal law "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983)).

*Berg v. Leason*, 32 F.3d 422, 423 (9th Cir. 1994). In cases such as the present one, where the state claim directly incorporates the substance of federal law, *see* Nev. Rev Stat. § 649.370, and where the state claim raises no federal constitutional issues, federal-question jurisdiction exists only if the federal law that is incorporated into the state claim provides an independent federal claim:

> In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986), the Court considered in detail the principles of removal jurisdiction when applied to a well-pleaded complaint that relies on a state cause of action which incorporates federal law as one of the elements of recovery. The Court held that in such a case, the state claim does not involve a substantial federal question unless the federal law incorporated in the state cause of action provides a federal private right of action for its violation. *Id.* 106 S. Ct. at 3237; *see also Utley v. Varian Assoc., Inc.*, 811 F.2d 1279 (9th Cir.) (applying *Merrell Dow*), *cert. denied*, 484 U.S. 824, 108 S. Ct. 89, 98 L. Ed. 2d 50 (1987).

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 n.4 (9th Cir. 1988). The FDCPA provides a private right of action. *See* 15 U.S.C. § 1692k. If NRS section 649.370 contained additional substantive bases for liability apart from FDCPA, then such bases of liability could be invoked

1  without creating federal-question jurisdiction. But section 649.370 refers exclusively and
2  coextensively to FDCPA for its substance and provides no basis for liability apart from that
3  provided for in FDCPA, under which a private, federal right of action lies. The Court therefore
4  finds that even if a private cause of action lied under section 649.370 (none does), such a claim
5  would support federal-question jurisdiction. *See Ethridge*, 861 F.2d at 1394 n.4.
6        The proposed new claims are futile, as well. Non-judicial foreclosure does not constitute
7  "debt collection" under FDCPA. *Diessner v. MERS*, 618 F. Supp. 2d 1184, 1188–89 (D. Ariz.
8  2009) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); S. Rep. No.
9  95-382, 1977 U.S.C.C.A.N. 1695, 1698 (1977)). And no violation of section 598.0923 is pled
10 with particularity, even if the three-year statute of limitations had not run. Because amendment
11 would not rescue any claims or add any plausible claims, the Court denies the motion to amend.
12     **2.    Diversity Jurisdiction**
13       Even if there were no federal question jurisdiction, there is diversity jurisdiction. The
14 only non-diverse Defendants are Lorraine Shuart and Stewart Title. Shuart's only connection to
15 the case is that she was formerly an employee of Countrywide "either as a loan officer or a loan
16 processor." (Compl. 17). Plaintiff has not pled enough facts making her liability to Plaintiffs on
17 any claim plausible. Next, Stewart Title was the original trustee on the DOT. Plaintiff
18 specifically alleges that First American filed the NOD on behalf of Recontrust, which is in fact
19 why the foreclosure may have been statutorily defective. No claim possibly lies against Stewart
20 Title based on the facts alleged. In fact, it appears to be Plaintiff's contention that Stewart Title
21 would have been the proper entity to foreclose, either itself or through an agent. Next, doe
22 defendants are ignored for the purposes of diversity. 28 U.S.C. § 1441(a) ("For purposes of
23 removal under this chapter, the citizenship of defendants sued under fictitious names shall be
24 disregarded."); *Cripps v. Life Ins. Co. of Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992) (citing *id.*);
25 *Bryant v. Ford Motor Co. (Bryant II)*, 886 F.2d 1526, 1528 (9th Cir. 1989) (citing *id.*)

("Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction."), *cert. denied*, 493 U.S. 1076 (1990). The 1988 amendment to § 1441(a) that established the current rule overruled the Ninth Circuit's 1987 ruling in *Bryant I. Cripps*, 980 F.2d at 1266 & n.5 (citing *Bryant v. Ford Motor Co. (Bryant I)*, 832 F.2d 1080, 1082–83 (9th Cir. 1987) (en banc)). When the fraudulently joined and doe Defendants are discounted, there is complete diversity.

Finally, the subject matter of the lawsuit is the almost $600,000 in loans, and the Property securing these loans. The loans are in default, and Plaintiff seeks to prevent any future foreclosure. If Plaintiff were to win all his claims as pled, Defendants would lose their security interest a property purchased for $524,000, and although the Property is likely worth much less today, it is almost certainly still worth more than $75,000. But even discounting the value of the property itself, Plaintiff seeks the return of all interest paid, emotional distress damages, statutory damages (treble damages, in fact) under certain claims, punitive damages, and fees and costs. Such claims could easily total more than $75,000. The amount-in-controversy requirement is satisfied.

### B.   Motion to Dismiss

Rather than responding to the motion to dismiss, Plaintiff's counsel, as he typically does in these cases, has filed a "Notice of Intent to Withhold Response to Motion to Dismiss Pending Ruling on Motion to Remand to State Court." This constitutes consent to granting the motions. Local R. Civ. Prac. 7-2(d). Counsel has no authority to institute a partial stay of a case unilaterally, which is what these notices essentially purport to do. And the requirement to file an opposition is not a "burden" imposed by a potentially improper removal, as counsel has argued in other similar cases, because Defendants surely would have filed the same motion to dismiss had the case not been removed. In fact, Plaintiff would only have had ten (10) days to respond to that motion in state court before failure to respond constituted consent to granting it, whereas he

had fifteen (15) days to respond in this Court. *Compare* Nev. Dist. Ct. R. 13(3), *with* Local R. Civ. Prac. 7-2(b). Removal therefore had the effect of giving Plaintiff an additional five days to respond to this inevitable motion to dismiss, in addition to the delay in Defendants' filing of the motion created by the removal process itself. There is simply no legitimate excuse for failing to respond.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED in part and DENIED in part. All claims before the Court are dismissed except the claim for injunctive relief based on statutorily defective foreclosure.

IT IS FURTHER ORDERED that Defendants will submit a proposed order concerning mediation and interim payments with respect to the Property, in accordance with the Court's instructions at the hearing.

IT IS SO ORDERED.

Dated this 19th day of January, 2011.

_____
ROBERT C. JONES
United States District Judge