**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JAMES L. CHASE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 3:10-cv-00365-RCJ-RAM |
| UNITED RESIDENTIAL MORTGAGE, LLC et al., | ) | **ORDER** |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint is a fifty-eight-page fraud-and-conspiracy-type complaint listing eleven causes of action. The case is not part of MDL Case No. 2119. The Court dismissed all claims except that for statutorily defective foreclosure, preliminarily enjoined foreclosure based upon that claim, required mediation, and required equitable interim payments on the 15th of each month, beginning on February 15, 2011. Defendants submitted the Court's order to the Nevada Foreclosure Mediation Program, requesting mediation. Defendants now ask the Court to lift the preliminary injunction or compel payment because Plaintiff has made no interim payments. Plaintiff has not responded to the present motion.

According to Defendants, Plaintiff's counsel has indicated to Defendants' counsel that his clients in this case and others intend to withhold interim payments because they are

1  "confused" over who to pay, because no one has showed them the original note. Even if this
2  Court and others had not repeatedly rejected the "show me the note" argument, there can be no
3  confusion over who to Plaintiff is to pay in this case. What entity is demanding payment?
4  Plaintiffs have never alleged that two or more banks have made simultaneous, competing
5  demands for payment of the same loan. No plaintiffs in any similar case before this Court have
6  ever made such an allegation. In such circumstances, there would almost certainly be
7  declaratory judgment cross-claims between defendants. But no two institutions are demanding
8  payment of the same debt here. Plaintiffs know full well which entity is demanding payment.
9  Moreover, in this case, the order specifically indicates that the payments are to be made to "Bank
10 of America, C/O J. Christopher Jorgenson, Lewis and Roca LLP, [mailing address]." (*See* Order
11 2, Feb. 4, 2011, ECF No. 29). In fact, that order indicates that failure to remit payments will
12 result in automatic lifting of the injunction without further court order. (*See id.* 3).

## CONCLUSION

IT IS HEREBY ORDERED that the preliminary injunction against foreclosure is LIFTED.

IT IS FURTHER ORDERED that the case is DISMISSED for failure to comply with the Court's order.

IT IS FURTHER ORDERED that any lis pendens on the property located at 3880 Antelope Valley Rd., Reno, Nevada related to this case is EXPUNGED.

IT IS SO ORDERED.

Dated this 25th day of April, 2011.

_____
ROBERT C. JONES
United States District Judge